UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SERVICE WOMEN'S ACTION
NETWORK, et al.,
     Plaintiffs,

     v.

UNITED STATES DEPARTMENT OF
DEFENSE and UNITED STATES
DEPARTMENT OF VETERANS
AFFAIRS,
     Defendants.

No. 3:11cv1534 (SRU)

## RULING ON MOTION FOR RECONSIDERATION

The Service Women's Action Network, the American Civil Liberties Union, and the

American Civil Liberties Union of Connecticut (collectively, "Plaintiffs") filed a complaint

against the Department of Defense and the Department of Veterans Affairs (collectively

"Defendants"). Plaintiffs' Complaint [doc. # 1] stated two claims under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*: (1) that Defendants' wrongful denial of

requests for fee waivers violated Plaintiffs' rights under FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(III)

and 5 U.S.C. § 552(a)(4)(A)(iii); and (2) that Defendants' failure to release responsive records

violated Plaintiffs' rights to those records under FOIA, 5 U.S.C. § 552(a)(3)(A). On January 23,

2012, Defendants filed a Motion for Summary Judgment [doc. # 26].  On May 14, 2012, District

Judge Mark R. Kravitz granted the motion [doc. #32]. On June 11, 2012, Plaintiffs filed a

Motion for Reconsideration [doc. # 36].  For the reasons that follow, Plaintiffs' Motion for

Reconsideration is denied.

## I.    Background

Service Women's Action Network ("SWAN") is a nonpartisan, nonprofit organization

that supports, defends, and empowers current service women and female veterans through

advocacy initiatives and community programs. The American Civil Liberties Union ("ACLU") is a national, nonpartisan public interest organization of more than 500,000 members, dedicated to protecting the constitutional and civil rights of individuals. In recent years, the ACLU Women's Rights Project has worked at the local, state, and national levels to ensure governmental accountability for violence against women and girls through litigation, policy advocacy, and public education. The ACLU of Connecticut is a non-profit, non-partisan membership organization dedicated to protecting individual civil rights and the principles of individual liberty embodied in the United States and Connecticut Constitutions.

The U.S. Department of Defense ("DoD") is the federal agency responsible for coordinating and supervising government activity relating directly to national security and the U.S. armed forces. The U.S. Department of Veterans Affairs ("VA") is the federal agency responsible for helping veterans by providing certain benefits and services.

In letters dated June 24, 2011, Plaintiffs submitted FOIA requests to five different DoD offices: the Department of the Navy, the Office of the Inspector General, the Department of the Air Force, the Department of the Army, and the Commandant of the Marine Corps.

By July 26, 2011, Plaintiffs received denials of fee waivers regarding their requested information from each DoD office (including four from four Army offices: the U.S. Army Crime Records Center, the U.S. Army Medical Command, the Deputy Chief of Staff, G-1, and the Office of the Clerk of the Court). Each denial categorized Plaintiffs as an "other" requester and required advance payment of the estimated fees before the agency would further process the request.

Plaintiffs claim to have administratively appealed all decisions denying them fee

waivers.[1] Plaintiffs challenged the denial of the fee waiver request and "other" classification, but

did not challenge the validity of the fee estimates. By September 26, 2011, all administrative

appeals had been denied.

In letters dated June 24, 2011, Plaintiffs submitted FOIA requests to the Veterans

Benefits Administration ("VBA") and the Board of Veterans Appeals ("BVA"). On July 25,

2011, Plaintiffs received denials of fee waivers from both the VBA and the BVA. Plaintiffs

administratively appealed the VBA and BVA decisions. On September 15, 2011, Plaintiffs

received denials of both appeals.

After Plaintiffs exhausted all administrative remedies, they filed a complaint in this Court

seeking the release of the information requested and the waiver of fees. Defendants' filed a

Motion for Summary Judgment. As part of their Memorandum of Law in Opposition to

Defendants' Motion for Summary Judgment, Plaintiffs claimed that "[s]ince June 2011, [they]

have indicated their willingness to settle their complaint and limit their request to a far smaller

number of key documents." Pls.'s Mem. of Law. [doc. # 27] at 33. Plaintiffs argued that their

narrower request was "estimated to be less than two percent of what Defendants currently

suggest it is" and therefore Defendants overstated their burden. *Id.* at 34, 36. Judge Kravitz

granted the Motion for Summary Judgment, concluding that although Plaintiffs are entitled to the

public interest fee waiver, Plaintiffs' original request would have imposed an unreasonable

burden on Defendants. Judge Kravitz further stated that he could not "evaluate the

reasonableness of a limited fee waiver or Plaintiffs' modified request on the [current] record" but

---

[1] Defendants maintain that Plaintiffs did not exhaust their administrative options with regard to the responses from the Army Deputy Chief of Staff, G-1, or the Army Clerk of Court. I need not decide the exhaustion issue.

"Plaintiffs may file revised FOIA requests to obtain the information they seek." Mem. of Dec. [doc. # 32] at 12. Plaintiffs filed a Motion for Reconsideration claiming that the Court should have either reviewed the reasonableness of the narrowed request based on supplemental briefing or remanded the action to the administrative agency to evaluate the reasonableness. *See* Mot. for Reconsideration [doc. # 36] at 1.

## II.    Standard of Review

The standard for granting a motion for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might be reasonably expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided.  *Id.*  The three major grounds for granting a motion for reconsideration are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practices & Procedure* § 4478).

## III.    Discussion

Plaintiffs give three reasons why their motion should be granted. First, Plaintiffs contend that the "Court's judgment conflicts with prior decisions establishing that requesters may narrow their FOIA request after submission without having to submit a new request." Pls.'s Mem. [doc. # 36-1] at 4. Second, Congress statutorily allows a requester to modify its request. *Id.* And third, Plaintiffs argue that it is in the interest of judicial economy for the Court to rule on the burdensomeness of the narrowed request. *Id.* at 7.

None of these arguments satisfies the standard for granting a motion for reconsideration. Plaintiffs do not cite to an intervening change of controlling law or the availability of new evidence. Plaintiffs try to frame their argument as both clear error and manifest injustice, but fail to succeed on either.

First, Judge Kravitz did not overlook controlling law or material facts in his original ruling. Plaintiffs have been unable to cite to any opinions or statutes that mandate a district court to assess the reasonableness of a narrower search proposed by a FOIA requester during litigation. Under the FOIA statute, requesters may modify their requests after submission. *See* 5 U.S.C. § 552(a)(6)(B)(ii) ("The agency shall . . . provide the person an opportunity to limit the scope of the request."). But no statute requires a court to allow FOIA modifications during the course of litigation. Opinions cited by Plaintiffs also do not support Plaintiffs' argument. In *People for Am. Way Found. v. United States Dep't of Justice*, the government argued that the court could only consider the plaintiff's initial FOIA request because it never accepted the plaintiff's offer to narrow its request. 451 F. Supp. 2d 6, 11 (D.D.C. 2006).  The court disagreed with the "government's suggestion that [the government's] consent is required to effectuate a requester's reduction of its own FOIA request" and that the modification never became effective. *Id.* at 12. "Significantly, the government was a signatory to several Joint Status Reports during the course of this litigation, in which the parties represented—unequivocally—that the FOIA request had been narrowed . . . ." *Id*. The court considered the reasonableness of the narrowed search because "the government . . .  addressed the narrowed FOIA request . . . ." 451 F. Supp. 2d 6, 12 (D.D.C. 2006).

Here, the Plaintiffs did not "unequivocally" narrow their request. Instead, Plaintiffs merely "indicated their *willingness to settle* their complaint and limit their request to a far smaller

number of key documents." Pls.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. [doc. # 27] at 33 (emphasis added). *See also* Pls.'s Ex. G. Letter to Jonathan G. Cooper dated December 29, 2011 [doc. # 27-2] at 1 ("We write to propose a settlement of Plaintiff's claims against the Army, Navy, Marines, and Air Force . . . This correspondence constitutes a confidential settlement communication and is inadmissible in any proceeding pursuant to Fed. R. Evid. 408.").  But Plaintiffs did not withdraw or amend their original FOIA request or seek leave to amend their Complaint based on that request. Furthermore, Judge Kravitz had no record to rely on to assess the reasonableness of the proposed narrowed request—the administrative agency did not determine the issue in the first instance and the government did not brief the issue during the litigation.

Plaintiffs also rely upon *Trans-Pac Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999), but in that case the Circuit Court remanded because the District Court did not make a segregability finding as required by 5 U.S.C. § 522(b).  *See* 5 U.S.C. § 522(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."). Exemptions and segregability are not at issue in this case.

Second, the decision has not resulted in manifest injustice. It appears that Plaintiffs tried to litigate the merits of their settlement proposal, which was rejected, without accepting the disadvantages of formally narrowing their request, i.e., relinquishing their claim to a broader set of documents. Judge Kravitz correctly granted summary judgment on the only request actually before him—the initial, unduly burdensome request. Although Plaintiffs may prefer not to have to file a third FOIA request, it is too late to amend the request at issue here. Perceived judicial economy is not a sufficient reason to grant the motion for reconsideration.

## IV.      Conclusion

For the reasons stated above, the Plaintiffs' Motion for Reconsideration [doc. # 36] is

denied.

It is so ordered.

Dated at Bridgeport, Connecticut, this 19th day of March 2013.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge